UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      05-CR-009(1)(JMR/FLN)
                         08-CV-6123(JMR)

United States of America    )
                            )
         v.                 )         ORDER
                            )
Chad Allen Wetzel           )


    Chad Allen Wetzel petitions the Court for relief under 28 U.S.C. § 2255.  The petition is denied.

I.  Background

    On January 11, 2005, a grand jury indicted Wetzel on 27 counts of defrauding financial institutions, unions, his employees, the IRS, and creditors in the course of managing an HVAC business, Max Mechanical.  The Court set a trial date of November 30, 2005.  On the morning of trial, Wetzel pleaded guilty to three counts of the Indictment -- Count 8, failure to collect and pay taxes, in violation of 26 U.S.C. § 7202; Count 9, theft and embezzlement from an employee benefit plan, in violation of 18 U.S.C. § 664; and Count 24, perjury in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).  The government agreed to dismiss the remaining counts.

    During the plea hearing, Wetzel acknowledged spending "many, many hours" with his attorneys, and he expressed satisfaction with their help.  (Plea Hr'g Tr. 4.)  He believed himself competent to enter a plea.  (Plea Hr'g Tr. 5-6.)  He was advised of his trial

rights and agreed to waive those rights. (Plea Hr'g Tr. 5-10.) The Court explained the charges against Wetzel, and the government estimated the sentencing guideline range would call for 63 to 78 months imprisonment. Defense counsel expressed their belief that the range would be lower. (Plea Hr'g Tr. 11-12.)

In response to his lawyer's questioning, Wetzel admitted he failed to pay IRS payroll taxes – an action tantamount to taking "an interest free loan from [the employees'] employment funds." (Plea Hr'g Tr. 24-25.) Wetzel recognized his duty to contribute to employee benefit plans and admitted withholding those funds. (Plea Hr'g Tr. 24-25.) Finally, he admitted to perjury at the bankruptcy hearing by hiding a bank account and concealing asset transfers. (Plea Hr'g Tr. 27-29.) The Court asked if Wetzel realized he was "breaking the law" and "knew [he was] doing stuff [he] wasn't supposed to be doing." (Plea Hr'g Tr. 30.) Wetzel answered in the affirmative, and the Court accepted his guilty plea.

For sentencing purposes, the U.S. Probation Office compiled a presentence investigation report. The report determined the guideline sentencing range was 63 to 78 months imprisonment. Wetzel did not object to the report's findings. When asked, Wetzel responded that he read and reviewed the presentence investigation report with his lawyer. (Sentencing Hr'g Tr. 2-3.) On December 12, 2006, the Court sentenced Wetzel to 72 months imprisonment --

two concurrent 60 month terms and a consecutive 12-month term, and ordered him to pay $208,427.04 in restitution.

On December 27, 2006, Wetzel appealed, arguing that the Court imposed an unreasonable sentence by giving the guidelines undue consideration creating sentencing disparities, and by failing to consider mitigating circumstances.  The Eighth Circuit Court of Appeals affirmed this Court's sentence.  United States v. Wetzel, No.07-1147, 2007 U.S. App. LEXIS 28460 (8th Cir. Dec. 10, 2007).

On November 20, 2008, Wetzel filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  First, Wetzel asserts his innocence, and claims ineffective assistance of counsel because his attorney failed to investigate exculpatory evidence, and recommended pleading guilty.  Specifically, Wetzel argues his company failed, not because of his wrongdoing, but because his largest customer did not pay its invoices on time.  When Wetzel failed to pay taxes, he claims he lacked the requisite criminal intent, resulting in his involuntary and unintelligent guilty plea.

Second, Wetzel claims his sentence should have been based only on losses alleged in the counts to which he pleaded guilty.  He complains the Court penalized him "for losses on all 27 counts of the Indictment."  (Pet.'s Mem. 6.)  He further argues that counsel's failure to challenge the Court's loss calculation amounts to ineffective assistance.  Wetzel's claims are procedurally barred

3

and without merit.  Accordingly, his petition for relief is denied.

## II. Discussion

Under 28 U.S.C. § 2255, a federal prisoner is provided an opportunity to challenge the constitutionality, jurisdictional basis, or the legality of his sentence.  See United States v. Addonizo, 442 U.S. 178, 185 (1979).  Here, the Court reviews Wetzel's claims regarding his guilty plea and the Court's loss calculation before addressing Wetzel's argument that he received ineffective assistance.

### A. Involuntary Plea

Because Wetzel did not raise concerns regarding his guilty plea on direct appeal, this claim cannot be brought on collateral review unless he demonstrates either his factual innocence, or "cause" for failure to appeal these issues and "actual prejudice" from the failure to do so.  United States v. Frady, 456 U.S. 152, 168 (1982); United States v. Morgan, 230 F.3d 1067, 1069-70 (8th Cir. 2000). Wetzel fails to meet either requirement – he offers no evidence that would demonstrate his factual innocence, and he cannot show cause and actual prejudice because he had the opportunity to raise this issue on appeal.  This claim is without merit.

Wetzel argues that because he lacked criminal intent, his guilty plea did not represent a "voluntary and intelligent choice."

4

Hill v. Lockhart, 474 U.S. 52, 56 (1985). The Court disagrees.

To demonstrate intentional failure to collect and pay taxes, a defendant must commit a "voluntary, intentional violation of a known legal duty." United States v. Bishop, 412 U.S. 346, 360 (1973). During the plea hearing, Wetzel acknowledged his obligation to deduct "income from the pay that was given to [his] employees," and "to pay that money over to the United States government." (Plea Hr'g Tr. 22.) Despite recognizing this obligation, he failed to pay the government $30,334.38. (Plea Hr'g Tr. 23.) Wetzel argues, however, that he lacked an intent to embezzle or steal. The statute does not require the government prove an intent to embezzle. Wetzel freely admitted committing a "voluntary, intentional violation of a known legal duty" in violation of the statute.

Under Count 9, the government must demonstrate defendant's intent to deprive the employee benefit plan of funds. United States v. Busacca, 936 F.2d 232, 240 (6th Cir. 1991). During the plea hearing, Wetzel acknowledged being bound by collective bargaining agreements "to make contributions on behalf of individual employees to various pension and benefit funds." (Plea Hr'g Tr. 24.) He agreed that he underpaid funds by $21,698.51, and conceded he "knew that [he was] supposed to make these payments, and [he] knew that it was wrong not to." (Plea Hr'g Tr.

25-26.) Again, Wetzel clearly admitted his intent to deprive the plan of funds in violation of the statute.

Under the perjury statute, Count 24, the government must demonstrate that Wetzel "knowingly and fraudulently" made false statements during his bankruptcy proceedings. 18 U.S.C. § 152(2). During his plea hearing, Wetzel admitted he failed to disclose all of his accounts during the bankruptcy proceedings, despite his testimony to the contrary. (Plea Hr'g Tr. 29.) He further admitted he knew his statements to be false, in violation of federal law. (Plea Hr'g Tr. 29.) While Wetzel maintains he did not have the intent "to mislead anyone in Max Mechanical's bankruptcy," he admits to knowingly and fraudulently providing false statements during the proceedings. (Pet.'s Mem. 9.) Wetzel's claims of innocence are undermined by his extensive plea hearing testimony in which he admitted his intent to withhold tax payments, embezzle employee benefit plan funds, and perjure himself.

B. <u>Loss Calculation/Relevant Conduct</u>

Wetzel claims he should only be accountable for losses that correspond to the counts of conviction – not relevant conduct. Again, however, Wetzel's failure to raise this matter at sentencing or on appeal means he waived this issue. <u>Dejan v. United States</u>, 208 F.3d 682, 685 (8th Cir. 2000.) Because he cannot demonstrate cause and actual prejudice where his claims were "available at the

time of his guilty plea," this claim cannot be raised in his habeas petition.  Id. at 685.

If Wetzel had raised this matter at sentencing, the Court would have dismissed his claim as being without merit.  The United States Sentencing Guidelines permit consideration of a defendant's relevant conduct in calculating a sentence.  U.S.S.G. § 1B1.3.  Courts may also rely on uncharged conduct or dismissed charges when calculating a sentence.  See United States v. White, 447 F.3d 1029, 1031 (8th Cir. 2006) ("It is well-established that conduct related to a dismissed count may be relevant conduct for purposes of U.S.S.G. § 1B1.3.").  The Court properly considered Wetzel's relevant conduct in crafting his sentence.

    C.   Ineffective Assistance

Wetzel bootstraps both his involuntary plea and loss calculation claims to additional claims that he received ineffective assistance of counsel.  To claim ineffective assistance, Wetzel must demonstrate his counsel's assistance fell below the range of reasonable professional assistance, and that he was prejudiced by counsel's actions.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show ineffective assistance during the plea process, Wetzel must also demonstrate "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  United

States v. Prior, 107 F.3d 654, 661 (8th Cir. 1997).  Wetzel cannot meet these requirements.

First, Wetzel's claim that he received ineffective assistance during his guilty plea is without merit.  Wetzel argues his attorney failed to investigate his claims that he lacked the requisite intent, and failed to develop a defense on these grounds.  Specifically, Wetzel notes that his largest creditor failed to make its payments, resulting in his company's bankruptcy.  But Wetzel gives no indication of how he was prejudiced by this information's absence.  Wetzel also does not describe any additional investigation his counsel could have undertaken.  Such conclusory allegations are inadequate to show ineffective assistance of counsel.  See, e.g., Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989).

Next, Wetzel claims counsel failed to adequately inform him regarding the charges.  As such, he claims his guilty plea was uninformed.  The Court fully explained the plea process and the Indictment counts to Wetzel during his plea hearing.  (Plea Hr'g Tr. 21.)  Wetzel expressed his satisfaction with his counsel's assistance, and did not object to the presentence report's guideline calculations.  And, Wetzel did not claim his plea was involuntary during his appeal.  Because Wetzel received adequate explanation of the plea process and failed to raise his concerns on appeal, this claim is without merit.

8

Finally, Wetzel cites counsel's failure to challenge the relevant conduct determination that included losses beyond those mentioned in the counts to which he pleaded guilty. Because the Court may properly consider relevant conduct, counsel's decision not to challenge this determination does not constitute an error.

D. <u>Evidentiary Hearing</u>

An evidentiary hearing is unnecessary where the record demonstrates Wetzel is not entitled to relief. The Court may dismiss a § 2255 petition without a hearing if (1) petitioner's allegations, if true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record. <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Even if true, Wetzel's allegations do not entitle him to relief. His allegations are also contradicted by the record, including his prior testimony at the plea hearing.

E. <u>Certificate of Appealability</u>

The Court considers whether a Certificate of Appealability should be issued. See <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997). This Court's dismissal of Wetzel's motion is not reasonably subject to a different outcome on appeal. <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994). Under 28 U.S.C. 2253(c)(2), an appeal may issue after final order in a § 2255 proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." Wetzel cannot demonstrate

the denial of any constitutional right, and this Court declines to issue a Certificate of Appealability.

III. <u>Conclusion</u>

For the foregoing reasons, Wetzel's petition is denied. Accordingly, IT IS ORDERED that:

1. Wetzel's motion for relief pursuant to 28 U.S.C. § 2255 is denied with prejudice. [Docket No. 91]

2. Wetzel is not entitled to an evidentiary hearing.

2. No Certificate of Appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2009

<u>S/JAMES M. ROSENBAUM</u>
JAMES M. ROSENBAUM
United States District Judge